IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS TAPIA, C-55013,<br><br>    Petitioner,<br><br>vs.<br><br>BOARD OF PAROLE HEARINGS,<br><br>    Respondent. | No. C 16-2799 CRB (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' (BPH) continued refusal to grant him parole.

## BACKGROUND

In 1982, petitioner was sentenced to an indeterminate prison term of 17 years to life after a jury found him guilty of second degree murder with the use of a firearm in San Diego County Superior Court.

Petitioner has been found not suitable for parole each time he has appeared before the BPH or its predecessor. On April 13, 2016, the Supreme Court of California denied petitioner's "generalized constitutional challenge to the state's statutes relating to parole, case law interpreting those statutes, and the conduct of the [BPH]."

**DISCUSSION**

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.    Legal Claims

Petitioner seeks federal habeas corpus relief from BPH's continued refusal to grant him parole on the grounds that BPH's continued refusal to set Indeterminate Sentencing Law (ISL) uniform terms that are commensurate with an inmate's offense and response to treatment, and BPH's continued arbitrary application of the state's parole statutes, deprived him of due process and violate the Ex Post Facto Clause. Petitioner also claims that BPH's and the state courts' arbitrary application of the state's parole statues render the state's parole statutes unconstitutionally vague, and cause longer periods between parole consideration hearings under Marsy's Law in violation of the Ex Post Facto Clause.

In the context of parole, a prisoner subject to a parole statute similar to California's receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied. Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011). The Constitution does not require more. Id. But liberally construed, petitioner's claims appear at least arguably cognizable under § 2254 and therefore merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal

2

courts must construe pro se petitions for writs of habeas corpus liberally). But see Roberts v. Hartley, 640 F.3d 1042, 1047 (9th Cir. 2011) (recognizing that after Swarthout v. Cooke, the "responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts") (quoting Cooke, 131 S. Ct. at 862).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve

and file a reply to an opposition not more than 14 days after the opposition is served and filed.

4.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: June 7, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.16\Tapia, L.16-2799.osc.wpd